# United States District Court
Western District of Wisconsin

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
|---|---|
| V. | **Case Number:** 08-CR-59-C-01 |
| MARCIA M. MESHAK | **Defendant's Attorney:** Christopher Duren |

The defendant, Marcia M. Meshak, pleaded guilty to count 1 of the information.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C § 1343 | Wire Fraud, a Class B felony | September 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | June 25, 1965 | November 14, 2008 |
| **Defendant's USM No.:** | 06652-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | 808 South Ash Avenue<br>Marshfield, WI 54449 | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | FCI Pekin<br>PO Box 5000<br>Pekin, IL 61555 | Barbara B. Crabb<br>District Judge |
| | | November 14, 2008 |
| | | Date Signed: |

# IMPRISONMENT

It is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 33 months. I recommend that defendant receive a pre-release placement in a residential re-entry center with work release privileges.

Defendant is neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment only is stayed until November 12, 2008, when defendant is to report to an institution to be designated by further court order between the hours of noon and 2:00 p.m. The conditions previously imposed on her release remain in effect until November 12, 2008.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a five-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and defendant's history and characteristics, the following special conditions of supervised release are appropriate.  Defendant is to:

1. Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

2. Provide the supervising U.S. probation officer any and all requested financial information;

3. Refrain from incurring new credit charges or opening additional lines of credit without the prior approval of the probation officer;

4. Refrain from seeking or maintaining any self-employment in which defendant would have unsupervised fiduciary or financial responsibilities without the prior approval of the supervising U.S. probation officer;

5. Submit her person, residence, office, business or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises she is occupying may be subject to searches pursuant to this condition; and

6. Participate in mental health counseling at the direction of the probation officer and take prescribed medication as directed.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $197,527.59 |
| Total | $100.00 | $0.00 | $197,527.59 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant is to pay restitution in the amount of $197,527.59 to the Clerk of Court for the Western District of Wisconsin for disbursement as outlined in Appendix A. No interest is to accrue on the unpaid portion of the restitution obligation. Defendant is to pay $14,648.30, which is the approximate total of her non-exempt assets, toward the restitution obligation within 60 days of this judgment. Defendant is to liquidate these assets by June 30, 2009.

Defendant is to make restitution payments while in the custody of the Bureau of Prisons in accordance with the Inmate Financial Responsibility Program.

Under 18 U.S.C. § 3664(f)(3)(B), defendant is to being making nominal payments of a minimum of $200 each month within 30 days of her release from custody.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing her ability to support herself and to satisfy the court-ordered restitution in this case.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.

## Amended Appendix A
## Marcia M. Meshak
## Docket No. 08-CR-059-C-01

| Name of Victim | Loss |
|---|---|
| Paula J. Anderson | $3,161.00 |
| Judith Aschenbrenner | $1,823.00 |
| Jerold Baierl | $500.00 |
| Robert I. Biederwolf | $1,350.00 |
| Helen Boening | $1,505.00 |
| Nicolyn L. Brillowski | $1,990.00 |
| Michael Disher | $1,698.00 |
| Shari Duros | $3,750.00 |
| Mr. and Mrs. Donald Furo | $5,933.00 |
| Mr. and Mrs. Joseph Giovanoni | $1,001.78 |
| Wendella J. Gray | $5,032.80 |
| Rita K. Hanneman | $1,686.00 |
| Renee L. Hansen | $3,398.00 |
| Mr. and Mrs. Jerrold Herman | $1,640.00 |
| Darlene Johnson | $6,048.00 |
| Diane M. Johnson | $1,700.00 |
| Carroll O. Knutson | $1,990.00 |
| Jill Kraft | $1,450.00 |
| Carolyn S. Linzmeier | $5,933.00 |
| Mae M. Linzmeier | $1,842.00 |
| Charles Mann | $690.00 |
| Bonnie Marx | $2,024.00 |
| Sandra L. Mushynski | $7,260.00 |

| | |
|---|---:|
| Mr. and Mrs. Eric Ploeckelman | $2,896.00 |
| Mary C. Rehlinger | $2,000.00 |
| Jay & Cindy Richardson | $2,000.00 |
| Dennis R. Ringwelski | $1,200.00 |
| Rodney Rothmeier | $1,790.00 |
| Kathleen Sankey | $1,990.00 |
| Robert and Judy Scheibe | $2,040.26 |
| Mr. and Mr. Thomas Schnitzler | $2,382.00 |
| Jeffrey A. Schulrud | $2,985.00 |
| Linda M. Schultz | $1,700.00 |
| Judith A. Stashek | $500.00 |
| David Timm | $2,030.08 |
| Lance M. Trimborn | $2,590.00 |
| Karen K. Winters | $850.00 |
| Mr. and Mrs. Ronald Wolf | $2,150.00 |
| Capital One (Acct#: 4003442653938822) | $1,947.53 |
| Discover Financial Services, LLC | $1,162.00 |
| Elavon | $22,285.55 |
| First Data Merchant Services | $18,607.14 |
| US Bank, NA | $2,053.10 |
| Alaska Airlines | $1,657.60 |
| Apple Vacations | $1,649.76 |
| Certified Vacations | $3,248.20 |
| Exclusive Limousine | $1,478.83 |
| Northwest Airlines | $18,981.08 |

| | |
|---|---|
| Pacific & Arctic Navigation Railway (dba: White Pass Railroad) | $1,146.60 |
| Ticket King | $2,090.00 |
| Strovroff & Taylor | $23,263.67 |
| Travel Network | $3,597.61 |
| AAA Insurance (Attn: Recovery Unit, Claim #002105888) | $1,200.00 |
| Acuity Insurance (re: Rodney Rothmeier) | $200.00 |
| Auto-Owners Insurance Company | $250.00 |
| Partner's Mutual Insurance (Claim # FX26428) | $200.00 |
| **TOTAL** | **$197,527.59** |